IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GARY ROCKY JONES,<br><br>Defendant. | CASE NO:   GLR-20-283 |

### GOVERNMENT'S MOTION IN LIMINE TO PROHIBIT DEFENDANT FROM ARGUING THAT THE CONSENT OF THE MINOR VICTIMS IS A DEFENSE TO THE COUNTS IN THE SUPERSEDING INDICTMENT

The United States files this motion for a ruling to prohibit the defendant from arguing that the consent of the minor victims is a defense to any counts in the Superseding Indictment.

The defendant is charged in Counts 1 through 27 of the Superseding Indictment with Sexual Exploitation of a Minor (Production of Child Pornography), in violation of Title 18, United States Code, Section 2251(a), and in Counts 28 through 42 with Coercion and Enticement of a Minor, in violation of United States Code, Section 2422(b).  The victims in the charged offenses range in ages from 8 to 17 when the offenses were committed, and were all minors under federal law.  Because the victims were all minors at the time of the charged offenses, their "consent" is irrelevant and cannot be a defense to the charges.  *See United States v. Rogers*, 587 F.3d 816, 820 (7th Cir. 2009) (Minors lack the capacity to consent, and so sexual contact with a minor is always "without consent." (*quoting Doe v. Smith*, 470 F.3d 331, 345 (7th Cir. 2006)); *see also United States v. Wells*, 843 F.3d 1251, 155 (10th Cir. 2016) ("Further, of course, a minor cannot consent to production of child pornography"); *United States v. Ballinger*, No. 10 CR 30095, 2011 WL 13186684, 2011 LEXIS 19339 ("Although *United States v. Rogers* addressed sexual contact with a minor, the same reasoning applies here. Minors lack the capacity to consent, and so the production of child pornography is always 'without consent.'").  Therefore, the government

respectfully requests that this Honorable Court prohibit the defendant from arguing that the minor victims' consent to both the sexual activity and the production of the visual depictions of that sexual activity because such evidence and argument is irrelevant.

To convict the defendant on Counts 1 - 27, the government must prove the following beyond a reasonable doubt:

1. That the minor victim alleged in the Superseding Indictment was under the age of eighteen;
2. That defendant used (or employed or persuaded or induced or enticed or coerced) the minor victim to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct; and
3. That the visual depiction was produced using materials that had been mailed or transported in interstate or foreign commerce.

To convict the defendant on Counts 28-42, the government must prove the following beyond a reasonable doubt:

1. That the defendant used a facility of interstate commerce;
2. That the defendant knowingly persuaded or induced or enticed or coerced the minor victims to engage in sexual activity or attempted to do so;
3. That had this sexual activity actually occurred any person could have been charged with 18 U.S.C. §§ 2251(a) (Sexual Exploitation of a Child); 18 U.S.C. § 2252A(a)(2) (Distribution of Child Pornography); or Md. Code, Crim. Law § 11-207(a)(1) (Child Pornography);
4. That the minor victim was less than eighteen years old at the time of the acts alleged in the Superseding Indictment.

As reflected in the elements of the offenses, the focus of the crime is on the defendant's actions, not those of the minor victims. The government need only prove that each victim was under 18 at the time the offense was committed, not that the minor did not consent to the sexual activity or the producing of the visual depiction. Therefore, any argument that a minor victim's consent to either the sexual activity itself or to the production of the visual depiction is irrelevant and should be excluded.

In *United States v. Raplinger*, 555 F.3d 687, 689 (8th Cir. 2009), the defendant was charged,

*inter alia*, with a violation of § 2251(a). Prior to trial, the defendant filed a motion for determination of admissibility, pursuant to Federal Rule of Evidence Rule 412(b)(1)(B), of various evidence he intended to introduce at trial to establish that the victim consented to engage in the sexual behavior. *Id.* at 692. The district court held that consent was not a defense to a violation of § 2251(a), and excluded the evidence as irrelevant. *Id.* In affirming the district court's decision, the Eighth Circuit Court of Appeals noted, "[b]ecause the district court was correct as a matter of law that consent is not a defense to the crimes charged, it was not an abuse of discretion to exclude the consent evidence." *Id.* The Court of Appeals also affirmed the district court instructing the jury that "'a minor may not legally consent to being sexually exploited,'" stating that the instruction correctly stated the law. *Id.* at 692-693.

Similarly, in *United States v. Griffith*, No. 99CR786 (HB), 2000 WL 1253265 (S.D.N.Y. Sept. 5, 2000), at *18, aff'd on different grounds, 284 F.3d 338 (2d Cir. 2002), the defendant filed a motion for new trial arguing, *inter alia*, that the district court erred when it instructed the jury that consent was not a defense to a violation of § 2251(a). The district court denied the motion for new trial, noting:

> Section 2251(a), by its plain terms eliminates consent as a defense. The statute, in relevant part, targets "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor [to participate in the making of a sexually explicit visual depiction.]" Of these six verbs, only 'coerces' involves non-consent; all the others involve varying degrees of consent. Of course, as statutory rape laws prove, most legislatures agree that minors are incapable of "consenting" to sexual intercourse.

*See also United States v. Street*, 531 F.3d 703, 709 (8th Cir. 2008) (upholding jury instruction that stated, "A minor may not legally consent to being sexually exploited. A minor's seemingly voluntary participation in sexually explicit conduct and/or in producing images of such conduct is not a defense to any of the charges in the indictment," as a correct statement of the law where defendant charged with production of child pornography and possession of child pornography).

Just as a minor cannot consent to a violation of § 2251(a), a minor also cannot consent to a violation of § 2422(b), as alleged in Counts 28 to 42. *United States v. Totoro*, No. CR 15-291, 2017

4

WL 3189216, at *14 (E.D. Pa. July 27, 2017) ("the minor victim's alleged willingness to engage in sexual conduct with or at the behest of [the defendant] is irrelevant to whether [the defendant] is guilty of violating either 18 U.S.C. § 2422(b) or § 2251(a); *citing United States v. Dye*, No. 09-3410, 2010 WL 4146187, at *3 (3d Cir. Oct. 22, 2010).

The same is true in this case.  The focus is on the defendant's actions, not the actions of the minor victims.  Whether or not the victims willingly engaged in, or consented to, sexual activity, or the production/streaming of sexually explicit conduct and/or engaging in the sex acts with themselves and their younger brothers is not relevant to any material issue at trial, is not a defense to this charge, and is, accordingly, irrelevant.  So long as the defendant used, persuaded, induced or attempted to induce the minor victims to engage in criminal sexual activity (§ 2422(b)) or sexually explicit conduct for the purpose of producing or streaming a visual depiction of such conduct (§ 2251(a)), the statutes were violated.

Relatedly, the defendant should also be precluded from arguing or even mentioning the age of consent to engage in sexual activity in Maryland, Ohio, or any other state.  Not only is there no evidence of such facts in this trial, the age of consent to engage in sexual activity is completely irrelevant, because as mentioned above, the age of a minor for the purposes of § 2251 § and 2422(b) is *under 18*.

WHEREFORE, the government respectfully requests that the Court prohibit the defendant from arguing that the consent of the minor victim is a defense to any of the Counts in the Superseding Indictment.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that this Court prohibit the defendant from arguing consent of the minor victims is a defense to the counts in the Superseding Indictment during closing argument.

<div style="margin-left: 40%;">

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____
Paul E. Budlow
Colleen E. McGuinn
Assistant United States Attorneys

</div>