IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| **v.** | : | Case No. GLR-20-283 |
| | : | |
| **GARY ROCKY JONES,** | : | |
| | : | |
| **Defendant.** | : | |

## DEFENSE RESPONSE TO GOVERNMENT'S UNTIMELY MOTION *IN LIMINE* TO PROHIBIT DEFENDANT FROM ARGUING THAT THE CONSENT OF THE MINOR VICTIMS IS A DEFENSE

The defendant, Gary Rocky Jones, by and through counsel, hereby moves this Honorable Court, to deny the government's untimely Motion in Limine (ECF No. 114) to the extent that the government seeks to preclude the defense from arguing that the government has failed to prove beyond a reasonable doubt that the defendant "used or employed or persuaded or induced or enticed or coerced the minor to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct" (Second Element of Counts 1 through 27) or "knowingly persuaded or induced or enticed or coerced the minor victims listed in Counts Twenty-Eight through Forty-Two to engage in sexual activity" (Second Element of Counts 28-42).

## BACKGROUND

The government and then the defense rested in this case around noon on Thursday, September 21, 2023. The Court excused the jury and directed them to return to court at 9:30 a.m. on Tuesday, September 26, 2023, for jury instructions and closing arguments. The Court has always made clear that the trial would be in recess on Monday, September 25, 2023, because members of both the prosecution team and the defense observe Yom Kippur, which begins at sundown on Sunday, September 24, 2023, and ends at sundown on Monday, September 24, 2023.

1

This schedule gave the parties three and a half days before the Yom Kippur holiday to prepare closing arguments in this case.

At 5:57 p.m. on Sunday, September 24, 2023, on the precipice of the Yom Kippur holiday and three and a half days after the Court recessed so that the parties could prepare for closing arguments, government counsel filed a Motion in Limine to Prohibit Defendant from Arguing that the Consent of the Minor Victims Is a Defense to the Counts in the Superseding Indictment. For the foregoing reasons, the Court should deny the motion.

## ARGUMENT

The defense does not intend to argue either the age of consent under state law or that the consent of the minors is a defense to the charges. However, to the extent that the government is trying to prevent the defense from arguing that the government has failed to prove the minors acted at the behest of the defendant, the Court should deny the government's Motion in Limine.

As was expressly discussed on the record – and outside the hearing of the jury – at the end of the first trial day, September 12, 2023, it is appropriate for the defense to hold the government to its burden on the Second Element of both production of child pornography (Counts 1-26) and coercion and enticement (Counts 27-42). The Court held the charge conference in this case on September 20, 2023, so there is no question that the jury will be instructed that to prove production of child pornography, "the government must prove beyond a reasonable doubt … that defendant used or employed or persuaded or induced or enticed or coerced the minor to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct." Court's Instruction No. 58. Similarly, the jury will be instructed that to prove coercion and enticement, "the government must prove beyond a reasonable doubt … that the defendant

knowingly persuaded or induced or enticed or coerced the minor victims listed in Counts Twenty-Eight through Forty-Two to engage in sexual activity." Court's Instruction No. 64.

Thus, to satisfy the second element of both production and coercion and enticement, the government must prove that the minors engaged in sexually explicit conduct or sexual activity at the behest of the defendant. Whether they consented is not the issue; the issue is whether they acted at the behest of the defendant. Just as the defense has the absolute right and duty to hold the government to its burden on the other elements of the offense, the defense also can focus the jury's attention on whether the government has proven the second element of the offenses. No doubt the government will rely heavily on the Instagram communications to meet the second element; it is only fair that the defense be permitted to point out those communications that make it less clear as to whether some of the John Does were acting at the behest of the defendant. Accordingly, we ask the Court to deny the Motion in Limine to the extent that the government seeks to curtail the ability of the defense to hold the government to its burden on the second element of both offenses.

Moreover, the Court should deny the government's motion as untimely. As previously set forth, the Court gave the parties three and a half days to work on closing arguments before the start of the Jewish holiday. Counsel for the government waited until right before that holiday began to file their motion—and after the defense had been working on closing argument for three and a half days. Assistant Federal Public Defender Courtney Francik will be available Monday morning (except from 10 a.m. to 10:30 a.m.), and asks the Court to hold a conference call to rule on the government's Motion in Limine so that she has time to make any necessary revisions to closing argument Monday afternoon.

## **CONCLUSION**

Wherefore the Court should promptly deny the government's Motion in Limine.

>Respectfully submitted,
>
>JAMES WYDA
>Federal Public Defender for the
>    District of Maryland
>
>      /s/
>-----------------------------------
>Courtney D. Francik
>Katherine T. Newberger
>Assistant Federal Public Defenders
>100 South Charles Street, Tower II, 9th Floor
>Baltimore, Maryland 21201
>(410) 962 3962
>Courtney_Francik@fd.org

4